995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anselmo CHAVEZ, Plaintiff-Appellant,
v.
LOCKHEED MISSILES & SPACE COMPANY, INC., Defendant-Appellee.
 No. 91-16831.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1993.*
Decided June 2, 1993.
 
 Before: FERGUSON, CANBY AND BRUNETTI, CIRCUIT JUDGES.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anselmo Chavez appeals pro se the district court's grant of summary judgment in favor of Lockheed Missiles & Space Company in his employment discrimination action under Title VII and the Age Discrimination in Employment Act.[1] We review de novo, Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987), and we affirm.
 
 
 3
 * FACTS
 
 
 4
 In August 1986, Chavez, an Hispanic male then 54 years old, began working for Lockheed. Chavez was employed as a production planner; his primary responsibility was to convert engineering drawings into written manufacturing plans for use by assembly-line workers. In July 1989, Chavez's annual performance evaluation was less favorable than in prior years. In his complaint, Chavez alleged that he received lower performance ratings in retaliation for having filed a charge against Lockheed with the Equal Employment Opportunity Commission ("EEOC") and because of his national origin and age. The district court ruled that Chavez had failed to establish a prima facie case of retaliation or discrimination, and therefore granted Lockheed's motion for summary judgment. Chavez appealed.
 
 II
 ANALYSIS
 A. Retaliation
 
 5
 Chavez contends that the district court erred by finding that he failed to establish a prima facie case of retaliation. We disagree.
 
 
 6
 To establish a prima facie case of retaliation, Chavez was required to show that (1) he engaged in activity protected under Title VII, (2) Lockheed thereafter subjected him to adverse employment action, and (3) a causal link exists between his protected activity and Lockheed's action. See Jurado v. Eleven-Fifty Corp., 813 F.2d 1406, 1411 (9th Cir.1987). Chavez satisfied his burden of proof on the first two parts of this test: it is undisputed that (1) he filed a charge with the EEOC in April 1988 regarding his failure to receive a promotion; and (2) he received a less favorable performance evaluation in July 1989 than he had received in previous years.
 
 
 7
 Chavez failed, however, to present any evidence of a causal link between his 1988 EEOC charge and the 1989 evaluation. To show the requisite causal link, Chavez had to present sufficient evidence to raise an inference that the protected activity was the likely reason for the adverse action. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982) (citations omitted). We consider both the timing of the adverse evaluation, and whether the persons responsible for it were aware of the EEOC charge, to determine whether a causal link exists. See Miller v. Fairchild Indus., Inc., 885 F.2d 498, 505 (9th Cir.1989), cert. denied, 494 U.S. 1056 (1990). Fifteen months elapsed between the filing of the EEOC charge and the preparation of the performance evaluation. Moreover, Chavez received a more favorable evaluation in July 1988, only three months after he had filed the charge. The timing of the relevant events therefore does not support an inference of retaliation.
 
 
 8
 Nor did Chavez demonstrate that the management personnel who knew of his EEOC charge were responsible for the lower ratings in his 1989 evaluation. Chavez worked primarily with Tom Rudolph, his group leader, who drafted the evaluation. Rudolph reported to the planning supervisor, Eric Phelps, who in turn reported to the department manager, Martin Gerbasi. In a declaration in support of the motion for summary judgment, Gerbasi stated that, as of July 1989, he was the only person in the department who knew that Chavez had filed the 1988 EEOC charge.[2] Gerbasi reviewed Chavez's performance evaluations in both 1988 and 1989, but he neither prepared the evaluations nor lowered Chavez's ratings. In his deposition testimony, Chavez asserted that Rudolph was not independently responsible for the less favorable review, but that he had been pressured by others to give Chavez an unfavorable review. This argument, unsupported by evidence, is contradicted by Rudolph's declaration in support of the summary judgment motion. Rudolph stated that he drafted the evaluation before a meeting in which other group leaders discussed Chavez's work, and that he did not change the evaluation as a result of this meeting.[3] Given this record, we conclude that Chavez did not establish a prima facie case of retaliation. Accordingly, Lockheed was entitled to summary judgment.
 
 B. Age and National Origin Discrimination
 
 9
 Chavez also argues that the district court erred by granting summary judgment on his claim that he was given lower performance ratings because he was 57 years old and is Hispanic. This argument fails.
 
 
 10
 To establish a prima facie case of intentional discrimination, Chavez must identify actions by Lockheed that give rise to an inference of discriminatory conduct. See Foster v. Arcata Assocs., Inc., 772 F.2d 1453, 1459-61 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986). Mere allegations of discriminatory motive and intent are insufficient to withstand summary judgment; Chavez must provide specific facts to support his claims. See Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment").
 
 
 11
 Applying these standards, we conclude that Chavez has not established a prima facie case of discrimination. To support his claim, he prepared a chart which purported to show that Hispanics and persons over the age of 50 received lower performance ratings. The district court correctly ruled that this chart was not admissible under Fed.R.Civ.P. 56(e) because Chavez did not have personal knowledge of the facts it contained. No other foundation for admission of the chart was presented. Moreover, Chavez's bare statements that his work was better than that of other planners, and that his supervisors knew of his age and national origin, are inadequate to bar summary judgment.[4] Accordingly, we affirm the district court's grant of summary judgment in favor of Lockheed.[5]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Chavez's complaint also alleged breach of contract and intentional infliction of emotional distress. On appeal, he does not challenge the district court's dismissal of these claims
 
 
 [2]
 Rudolph's declaration stated only that: "During the time period immediately preceding the preparation of Chavez's 1989 review, I was aware that Chavez was pursuing some type of claim against Lockheed based upon Eric Phelps having received the superior position."
 
 
 [3]
 Indeed, the only evidence regarding changes being made to the evaluation was that, after Chavez complained about it, Gerbasi instructed Phelps to discuss the ratings with the group leaders. As a result of their input, Phelps increased one of Chavez's ratings
 
 
 [4]
 In addition, Lockheed presented evidence that Chavez's lower 1989 ratings were based on his inability to perform complex planning tasks despite his three years of experience. Chavez provided no evidence that this non-discriminatory reason was a pretext. See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991) (if employer articulates a legitimate, non-discriminatory reason for the challenged action, the plaintiff must prove that this reason is a pretext)
 
 
 [5]
 Chavez also argues that the district court erred by denying his motion under Fed.R.Civ.P. 55 for a default judgment against Gerbasi and Phelps. This argument is meritless. Although they were named as defendants, Gerbasi and Phelps were never served with the complaint. Accordingly, the district court properly dismissed the action as to them. See Fed.R.Civ.P. 4(j)